STEVEN M. WEINBERG (SBN 235581)
smweinberg@holmesweinberg.com
SHARONI S. FINKELSTEIN (SBN 271829)
sfinkelstein@holmesweinberg.com
HOLMES WEINBERG, PC
30765 Pacific Coast Highway, Suite 411
Malibu, California 90265
Tel: (310) 457-6100
Fax: (310) 457-9555

Attorneys for Plaintiff
Masterfile Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASTERFILE CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHAGA INTERNATIONAL, a Nevada corporation; STEVE GOULD, an individual; and MICHAEL TIDD, an individual,<br><br>　　　　　Defendants. | Case No. 12-CV-00850 R (Ex)<br><br>**PROOF OF SERVICE OF ORDER RE: NOTICE TO COUNSEL** |

///

///

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **30765 Pacific Coast Highway, Suite 411, Malibu, California 90265**

On February 1, 2012 I served the

### ORDER RE: NOTICE TO COUNSEL

on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

| | |
|---|---|
| Chaga International<br>889 South Rainbow Boulevard<br>Suite 137<br>Las Vegas, Nevada 89145<br>Tel:  (800) 220-2137 | *Defendant* |
| Steve Gould<br>Chaga International<br>889 South Rainbow Boulevard<br>Suite 137<br>Las Vegas, Nevada 89145<br>Tel:  (800) 220-2137 | *Defendant* |
| Michael Tidd<br>Chaga International<br>889 South Rainbow Boulevard<br>Suite 137<br>Las Vegas, Nevada 89145<br>Tel:  (800) 220-2137 | *Defendant* |

☒ **(BY MAIL)**

☐ I deposited such envelope in the mail at Santa Monica, California.  The envelope was mailed with postage thereon fully prepaid.

☒ I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service.  The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Malibu, California, in the ordinary course of such business.

///

**HOLMES WEINBERG PC**
30765 Pacific Coast Highway, Suite 411
Malibu, California 90265

☒ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 1, 2012, at Malibu, California.

*Sharoni S. Finkelstein*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA
(UNDER SEAL)

| | |
|---|---|
| MASTERFILE CORP., <br><br> Plaintiff(s). <br><br> V. <br><br> CHAGA INT'L et al, <br><br> Defendant(s). | CV 12-00850-R <br><br> ORDER RE: <br> NOTICE TO COUNSEL |

**READ CAREFULLY: FAILURE TO COMPLY MAY LEAD TO SANCTIONS**
================================================================

    This case has been assigned to the calendar of Judge Manuel L. Real.

    Counsel are advised that the Court expects strict compliance with the provisions of the Local Rules and the Federal Rules of Civil Procedure. NONCOMPLIANCE MAY LEAD TO THE IMPOSITION OF SANCTIONS WHICH MAY INCLUDE THE STRIKING OF PLEADINGS AND ENTRY OF JUDGMENT OR DISMISSAL OF THE ACTION.

    The attention of counsel is particularly directed to Local Rule 16. Counsel should also be guided by the following special requirements when litigating cases assigned to Judge Real:

    1. **INTERROGATORIES**: See Local Rules.

    2. **MOTIONS**: Motions shall be heard on the first and third Monday of each month at 10:00 A.M., unless otherwise ordered by the Court. If the Monday is a national holiday, the succeeding Tuesday shall be the motion day. Counsel do not need to contact the Court in this regard, as there is no need

NOTICE TO COUNSEL                                                                 PAGE 2
==============================================================
to reserve dates.

       3.  **EX PARTE APPLICATIONS**: No hearing will be held unless deemed necessary by the Court; if the Court requires a hearing, the clerk will contact the parties and inform them of the date and time. In the moving papers' declaration of notification, the declarant shall state whether or not the application is opposed; if opposed, the declarant shall state that the opposing party was informed and has twenty-four (24) hours from receipt of the papers to file its opposition. The matter will then stand submitted.

       4.  **CONTINUANCES**: Counsel requesting a continuance must submit a stipulation with a detailed declaration as to the reason for the requested continuance or extension of time, together with a proposed order. Stipulations, including those for second and subsequent extensions of time to respond to the complaint, are effective ONLY when approved by this Court. Any stipulation not in compliance with this order or the Local Rules will automatically be denied without further notice to the parties.

       5.  **CONFORMED COPIES**: Parties will receive conformed copies through the Court's CM/ECF e-filing system; or by mail, if applicable.

       6.  **REMOVED ACTIONS**: Any answers filed in state court must be refiled in this Court as a supplement to the petition. Any pending motions must be renoticed in accordance with Local Rule 7.

       7.  **WAIVED LOCAL RULES**: (Local Rule 16-15): Settlement conferences are NOT mandatory; if the parties mutually agree to the holding of a settlement conference, they shall contact the clerk. (Local Rule 7-3): parties are NOT obligated to meet and confer, or file a declaration in connection thereto, for the purposes of preparing and filing dispositive motions (to dismiss, summary judgment, etc).

       8.  **FEDERAL RULE 26(f)**: This Court requires the following, and counsel are ORDERED to follow this outline: 30 days after the first answering defendant files a response to the complaint, the parties shall hold an early meeting, in person, for the purpose of making initial disclosures. Plaintiff's counsel shall have the duty of scheduling the meeting. The parties shall then file a Joint Report of Early Meeting within 14 days of the holding of the Early Meeting of Counsel. Counsel are informed that approximately 30 days after receipt of the Joint Report, this Court shall issue an Order setting the dates of the Final Pre-Trial Conference, and the Trial of the action. This Court shall not

NOTICE TO COUNSEL                                                                                            PAGE 3
==============================================================

set a "scheduling conference" or issue a "scheduling order" other than as set out previously in this section.

       9.   **MANDATORY COPIES OF E-FILED DOCUMENTS**: Mandatory copies are not accepted in chambers. Copies of all e-filed documents shall be delivered either to the civil intake section clearly marked as a courtesy copy, placed in the courtesy copy in-box outside of chambers or sent to the Court via overnight mail, within twelve (12) court business hours of the time the document was e-filed. The courtesy copy shall be blue-backed and double-hole punched.

       10.   **WORD/WORDPERFECT PROPOSED ORDERS, JUDGMENTS OR ANY OTHER SIGNATURE ITEMS**: Pursuant to General Order 08-02, a **Microsoft Word** or **WordPerfect** copy of any proposed document requiring a signature shall and must be e-mailed to the generic chambers e-mail address (r_chambers@cacd.uscourts.gov). The subject line of the e-mail shall be in the following format: court's divisional office, year, case type, case number, judge's initials and filer (party) name [e.g., 2:09 CV 09876 R (Plaintiff or Defendant's name)].

       11.   **NOTICE OF THIS ORDER**: Counsel for plaintiff, or plaintiff, if appearing on his or her own behalf, is responsible for promptly serving this notice on defendant's counsel, and filing a proof of service with the notice attached as an exhibit with the Court. If this case came to the Court via a Noticed Removal, this burden falls to the removing defendant.

_____
 MANUEL L. REAL
 U. S. DISTRICT JUDGE

**Date: February 1, 2012**