Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

Oscar Michelen (OM 5199)
*(admitted Pro Hac Vice)*
omichelen@cuomollc.com
200 Old Country Road
Suite 2 South
Mineola NY 11501
Phone: 516-741-3223
Fax: 516-741-3223

Attorneys for Defendants
CHAGA INTERNATIONAL
STEVE GOULD and MICHAEL TIDD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASTERFILE CORPORATION,<br><br>            Plaintiff,<br><br>      v.<br><br>CHAGA INTERNATIONAL, a Nevada Corporation; STEVE GOULD, an individual; and MICHAEL TIDD, an individual,<br><br>            Defendants. | CASE NO. CV 12-00850 R (Ex)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br><br><br><br><br>**Honorable Manuel L. Real** |

After consideration of the papers in support of the motion, the papers filed in opposition to the motion and the pars filed in reply to the opposition of the motion, and after hearing the arguments of Plaintiff at oral argument on June 18 , 2012, the court determines that he following have been established as The following are the court's findings of undisputed facts in this matter after reviewing the submissions of all parties:

# UNCONTROVERTED FACTS

1. Exhibit 1 to the motion is the complaint of the Plaintiff filed in this action. The complaint contains an "Exhibit A" which purports to consist of the copyright registrations relied upon by the Plaintiff.

2. Exhibit 2 to the motion is Copyright Registration VA 1-023-866, upon which Plaintiff relies for copyright registration of five (5) images. This registration lists Masterfile Corporation as the author of the images covered by the registration along with a four page continuation sheet which lists an unnumbered amount of additional authors.

3. Exhibit 2 does not identify which author is the author of which image nor does it contain any other information about the author other than their name. It does not contain an image of the work of art being registered.

4. Exhibit 3 to the motion is Copyright Registration VA 1-023-869, upon which Plaintiff relies for copyright registration of one (1) image. This registration lists Masterfile Corporation as the author of the images covered by the registration along with a three page continuation sheet which lists an unnumbered amount of additional authors.

5. Exhibit 3 does not identify which author is the author of which image nor does it contain any other information about the author other than their name. It does not contain an image of the work of art being registered.

6. Exhibit 4 to the motion is Copyright Registration VA 1-023-877 upon which Plaintiff relies for copyright registration of one (1) image. This registration lists Masterfile Corporation as the author of the images covered by the registration along with a four page continuation sheet which lists an unnumbered amount of additional authors.

7. Exhibit 4 does not identify which author is the author of which image nor does it contain any other information about the author other than their name. It does not contain an image of the work of art being registered.

8. Exhibit 5 to the motion is Copyright Registration VA 1-023-872 upon which Plaintiff relies for copyright registration of one (1) image. This registration lists Masterfile Corporation as the author of the images covered by the registration along with a two page continuation sheet which lists an unnumbered amount of additional authors.

9. Exhibit 5 does not identify which author is the author of which image nor does it contain any other information about the author other than their name. It does not contain an image of the work of art being registered.

10. According to the chart in Plaintiff's complaint the next image was registered under Copyright Registration VA 1-108-991. According to the face sheet attached to Exhibit A of the complaint this registration lists Masterfile Corporation as the author of the images covered by the registration along with a three page continuation sheet which lists an unnumbered amount of additional authors.

11. It does not appear to contain an image of the work of art being registered. See Exhibit A.

12. Exhibit 6 to the motion is Copyright Registration VA 1-145-766 upon which Plaintiff relies for copyright registration of one (1) image. This registration lists Masterfile Corporation as the author of the images covered by the registration along with a three page continuation sheet which lists an unnumbered amount of additional authors.

13. Exhibit 6 does not identify which author is the author of which image nor does it contain any other information about the author other than their name. It does not contain an image of the work of art being registered.

14. Exhibit 7 to the motion is Copyright Registration VA 1-199-166 upon which Plaintiff relies for copyright registration of two (2) images. This registration lists Masterfile Corporation as the author of the images covered by the registration along with a seventeen page continuation sheet which lists an unnumbered amount of additional authors.

15. Exhibit 7 does not identify which author is the author of which image nor does it contain any other information about the author other than their name. It does not contain an image of the work of art being registered.

16. Exhibit 8 to the motion is Copyright Registration VA 1-229-219 upon which Plaintiff relies for copyright registration of four (4) images. This registration lists Masterfile Corporation as the author of the images covered by the registration along with a six page continuation sheet which lists an unnumbered amount of additional authors.

17. Exhibit 8 does not identify which author is the author of which image nor does it contain any other information about the author other than their name. It does not contain an image of the work of art being registered.

18. Exhibit 9 to the motion is Copyright Registration VA 1-301-526 upon which Plaintiff relies for copyright registration of one (1) image. This registration lists Masterfile Corporation as the author of the images covered by the registration along with naming three individuals "and 217 others" as additional authors with no continuation sheet listing the additional authors.

19. Exhibit 9 does not identify which author is the author of which image nor does it contain any other information about the author other than the name of the first three. It does not contain an image of the work of art being registered.

20. Exhibit 10 to the motion is Copyright Registration VA 1-301-527 upon which Plaintiff relies for copyright registration of one (1) image. This registration lists Masterfile Corporation as the author of the images covered by the registration along with naming three individuals "and 575 others" as additional authors with no continuation sheet listing the additional authors.

21. Exhibit 10 does not identify which author is the author of which image nor does it contain any other information about the author other than the name of the first three. It does not contain an image of the work of art being registered.

1    22.    Exhibit 11 to the motion is Copyright Registration VA 1-303-399 upon which Plaintiff relies for copyright registration of two (2) images.  This registration lists Masterfile Corporation as the author of the images covered by the registration along with naming three individuals "and 125 others" as additional authors with no continuation sheet listing the additional authors.

23.    Exhibit 11 does not identify which author is the author of which image nor does it contain any other information about the author other than the name of the first three.  It does not contain an image of the work of art being registered.

24.    Exhibit 12 to the motion is Copyright Registration VA 1-308-886 upon which Plaintiff relies for copyright registration of one (1) image.  This registration lists Masterfile Corporation as the author of the images covered by the registration along with naming three individuals "and 125 others" as additional authors with no continuation sheet listing the additional authors.

25.    Exhibit 12 does not identify which author is the author of which image nor does it contain any other information about the author other than the name of the first three.  It does not contain an image of the work of art being registered.

26.    According to the chart in Plaintiff's complaint the next image was registered under Copyright Registration VA 1-308-866.  It is possible that this numbering is a typographical error and the registration for this image is the same as he previous one 1-308-886.

27.    If that is the case, then the same factual description would apply as to the registration of this image.

28.    Exhibit 13 to the motion is Copyright Registration VA 1-316-378 upon which Plaintiff relies for copyright registration of three (3) images.  This registration lists Masterfile Corporation as the author of the images covered by the registration along with naming three individuals "and 131 others" as additional authors with no continuation sheet listing the additional authors.

1  29. Exhibit 13 does not identify which author is the author of which image nor does it contain any other information about the author other than the name of the first three. It does not contain an image of the work of art being registered.

30. Exhibit 14 to the motion is Copyright Registration VA 1-326-965 upon which Plaintiff relies for copyright registration of one (1) image. This registration lists Masterfile Corporation as the author of the images covered by the registration along with naming three individuals "and 111 others" as additional authors with no continuation sheet listing the additional authors.

31. Exhibit 14 does not identify which author is the author of which image nor does it contain any other information about the author other than the name of the first three. It does not contain an image of the work of art being registered.

32. Exhibit 15 to the motion is Copyright Registration VA 1-345-179 upon which Plaintiff relies for copyright registration of two (2) images. This registration lists Masterfile Corporation as the author of the images covered by the registration along with naming three individuals "and 109 others" as additional authors with no continuation sheet listing the additional authors.

33. Exhibit 15 does not identify which author is the author of which image nor does it contain any other information about the author other than the name of the first three. It does not contain an image of the work of art being registered.

34. Exhibit 16 to the motion is Copyright Registration VA 1-367-783 upon which Plaintiff relies for copyright registration of five (5) images. This registration lists Masterfile Corporation as the author of the images covered by the registration along with naming three individuals "and 123 others" as additional authors with no continuation sheet listing the additional authors.

35. Exhibit 16 does not identify which author is the author of which image nor does it contain any other information about the author other than the name of the first three. It does not contain an image of the work of art being registered.

36. Exhibit 17 to the motion is Copyright Registration VA 1-407-986 upon which Plaintiff relies for copyright registration of one (1) image. This registration lists Masterfile Corporation as the author of the images covered by the registration along with naming no individuals and listing "and additional authors" as additional authors with no continuation sheet listing the additional authors.

37. Exhibit 17 does not identify which author is the author of which image nor does it contain any other information about the author other than the name of the first three. It does not contain an image of the work of art being registered.

38. All of the purported registrations list the works as parts of a "group registration" and/or a "compilation."

39. All of the purported registrations list one date as the date of "representative publication" of the "previously published photographs."

40. According to the affidavit of Nancy Wolff, the lawyer for the Picture Agency Council of America, Inc. (PACA), in 1995, Ms. Wolff and other representatives of the trade association met with staff members of the United States Copyright Office. (Declaration Ex. 20 ¶ 2.) At that meeting, Ms. Wolff and outlined this mass registration procedure. ( Id. ¶ 4.)

41. In 2002, Ms. Wolff once again approached the Copyright Office about the registration practices of her clients. (Ex. 20 ¶ 6.) In return, Ms. Wolff received a letter from Nancy. Petruzzelli, Chief Copyright Examiner of the Copyright Office, (Ex. 22), which outlined the latter's understanding of the "pattern" that stock house registrations "generally follow" and provided the Copyright Office's interpretation of that practice.

42. Ms. Petruzzelli indicated that the Copyright Office interpreted the claims to extend to "individual photographic authorship" only for those photographers identified by name in the application. ( Id).

43. Later in the same letter, however, Ms. Petruzzelli appeared to contradict the limited view expressed above - that the registration extends to individual works only for those photographers named in the application - when she referred to two

Copyright Office guidelines that contemplated naming only three authors when a large number of authors contribute to a single work.

44. The first source Ms. Petruzzelli cited is the Compendium of Copyright Office Practices, Compendium II (1984). The Copyright Office identifies this now twenty-five year old document as a "manual, intended primarily for Copyright Office staff." ( See http://www.copyright.gov/compendium/).

45. According to Ms. Petruzzelli, this internal manual stated that the Copyright Office preferred that a registration list all contributing authors, but that listing three authors and a reference to unnamed "others" was considered acceptable in some instances. (Ex. 22.) The second source Ms. Petruzzelli cited was Circular 62, Serials (see Ex. 18), a 2000 Circular that discussed registration procedures for serial works. (Ex. 22.).

46. Ms. Wolff then prepared an article for distribution to PACA members outlining this methodology. Declaration Exhibit 21.

47. Ms. Wolff then distributed a second article that reflected that the main impetus behind this circumvention of the plain language of Section 409 was the evasion of the requisite copyright registration fees. Declaration Exhibit 23, Update on Catalog Registration; see also Exhibit 19 Copyright Office Circular 4, Fees.

48. In addition, Ms. Wolff's update admitted that absent this approval by the Copyright Office, this method of registration would only provide protection for the compilation as a whole, not the individual photographs within the compilation and that a separate application for each image would be required to obtain protection for each image:

> *Copyright Office regulations only permit one claimant per application. Under these regulations, each contributor and agency would have to file a deposit of two copies of the catalog and a separate application per image (or group of images per claimant) for $30 per application amounting to hundreds of applications per catalog.*

Declaration Exhibit 23 at top of page 2.

49. It appears that, according to the registrations, Plaintiff filed an initial registration for a block of photographs and then updated it periodically with additional authors pursuant to the Copyright Office regulations for registration of automated databases, 37 C.F.R. § 202.3(b)(5).

50. The objective apparently was not simply to register the catalog or database as a collective whole, but rather to make that single registration apply to each of the possibly thousands of individual photographs contained within the collection so that the authors would not have to register any works themselves or pay the Copyright Office the fees it was due.

51. These copyright staff statements mentioned in the Wolff letter, however, involve obtaining registration of the database as a compilation, but in order for the effect of the registration to extend to the individual photographs embodied in the database, the authors must be listed in space 2a of the application.

52. None of the registrations here list the authors in 2a; at most, some list them in 2b.

53. In most of the registrations at issue here, the authors are not listed. In all of the registrations here, the titles of the works are not listed, nor are the works necessarily even included in the deposit copies, as the deposit regulations require only portions of the database to be deposited. See 37 C.F.R. § 202.20(c)(2)(vii), (viii).

Based on the uncontroverted facts, the Court now makes its

## CONCLUSIONS OF LAW

1.  **The Standard for Summary Judgment and Summary Adjudication**

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. See, Adickes v.

S.H. Kress & Co., 398 U.S. 144, 157 (1970). "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1] [a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir.1996)( citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)), cert denied, 517 U.S. 1190 (1996). Once that burden has been established, the burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The parties may only carry their respective burdens by producing evidentiary proof in admissible form. FED.R.CIV.P. 56(e). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962). This is the standard even when the motion is made in lieu of answering the complaint. See. E.g., Gray v. Garlok Seealing Technologies, LLC, 2006 WL 3680567 (W.D.N.Y.,2006).

    2.    **The Registrations Upon Which Plaintiff Relies Do Not Comply With 17 U.S.C. §§ 409 AND 411 and Therefore Cannot Serve as Valid Registrations of the Individual images at issue.**

    3.    The Copyright Act, at 17 U.S.C. § 411(a), mandates that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title. The United States Supreme Court has held that "[§ ] 411(a)'s registration requirement is a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction." Reed Elsevier, Inc. v. Muchnick, 130 S.Ct. 1237 U.S., (2010). However, this precondition is a requirement that, if not met, subjects the claim

to a motion for summary judgment. See, e.g., <u>Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.</u>, 712 F.Supp.2d 84 (S.D.N.Y.,2010).

4. The Copyright Act also mandates that every registration application must identify, inter alia, the claimant, the author or authors of the work, and the title. 17 U.S.C. § 409(1), (2), (6).

5. A review of the actual registrations, attached by Defendants to the Declaration in Support of the Motion, reveals that none of the registrations complies with Section 409 of the Act. (Transcript of decision at page 8, line 4).

6. The registrations have multiple deficiencies, including failure to name the authors or their nationalities or domiciles in certain instances. (Transcript of decision at page 8 line 5).

7. Further, they failed to name the titles of the individual works, the years in which the works were completed or the dates and nations of each work's first publication. (Transcript of decision at page 8 line 8).

8. Registrations secured in the manner these registration were secured - naming only plaintiff or naming three random authors out of an unknown number of others or listing only the names of the authors in a continuation sheet – fail to comply with the clearly enumerated registration requirements of the Copyright Act as enumerated in 17 U.S.C. § 409.

9. The Court agrees with that reasoning in <u>Alaska Stock v. Houghton Mifflin</u>, 2010 W.L. 3785720 (District of Alaska 2010) and <u>Bean v. Houghton Mifflin</u>, 2010 W.L. 3168624 (District of Arizona 2010), and concludes that the registration of the collective work does not have the effect of registering the individual works that comprise the collective work.

10. This result means that each author is not permitted to sue for copyright infringement of the individual works.

### 11. The Registrations Procedures Followed Here Were The Result Of Private Discussions Between The Copyright Office And PACA's Counsel and are Entitled to No Deference

12. Plaintiff notes that it followed the procedures developed by the U.S. Copyright Office. When reviewing agency action, if Congress has clearly spoken on an issue that is the end the matter and an agency must give effect to unambiguously expressed intent of Congress. <u>Chevron U.S.A. v. National Resources Defense Council</u>, 467 U.S. 837 (1984).

13. The informal Copyright Office interpretation at issue is equivocal as it mentions general guidelines and is not due the level of deference accorded official agency actions taken within the parameters of the agency's Congressional mandate. See <u>United States v. Mead Corp</u>., 533 U.S. 218, 227-8 (2001)14. see also <u>Chevron U.S.A., Inc. v. Natural Res. Defense Council, Inc.</u>, 467 U.S. 837 (1984).

14. The interpretation here was the result of an informal, nonpublic discussion between a select group of industry insiders and representatives of the Copyright Office.

15. Here, there are only the statements and procedures outlined by Ms. Wolff to the members of the trade association, and a short letter from Ms. Pertuzzelli that never directly addresses whether the works of unnamed individual photographers can be registered in this manner.

16. Accordingly, there is no record here that could persuade the court that the interpretation reflects a reasoned and appropriate exercise of the Copyright Office's mandate.

17. Moreover, even if a clear statement of the Copyright Office's position did exist, and even if it supported Plaintiff's apparent view, it would still be due no deference because granting registration of unnamed works of unnamed photographers in registrations that otherwise also do not comport with Section 409 directly conflicts with the clear terms of the statute.

18. "The [Copyright Office's] interpretation cannot trump the plain language of the governing statute." See <u>Boyds Collection, Ltd. v. Bearington Collection, Inc.</u>, 360 F. Supp. 2d 655, 662(M.D. Pa. 2005) (finding Copyright Office's interpretation of "useful articles" vis a vis clothing on dolls conflicted with the plain meaning of the statutory definition of "useful articles"); see also <u>Christensen v. Harris County</u>, 529 U.S. 576, 588 (2000) (no deference owed to agency actions that conflict with the governing statute).

19. The statute in 17 U.S.C. § 409(a)(2) requires the name and nationality or domicile of the "author or authors" of the work that is being registered. Similarly, 17 U.S.C. § 409(a)(6) requires the title of the work being registered. Nothing in the comments or the legislative history indicates that these requirements can be side-stepped or waived by the Copyright Office. To the contrary, the legislative history indicates that the registration requirements were chosen, inter alia, in order to provide an accurate public record: "the various clauses of section 409, which specify the information to be included in an application for copyright registration, are intended to give the Register of Copyrights authority to elicit all of the information needed to examine the application and to make a meaningful record of registration." H.R. Rep. No. 94-1476, at 155-56 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5771-72 (emphasis added).

20. Absent these vital pieces of information, there is no record at all of the registration. A party ( e.g., a business planning to use a work, or a defendant charged with infringing a work) cannot search the Copyright Office's records and determine who actually controls a work, or indeed, whether an individual has ever registered a copyright. The procedure employed here serves no purpose other than to promote mass registration of works in a single application, depriving the Copyright Office of the very modest but important fees it charges for group and individual registrations, and undermining one of the very purposes of copyright registration.

21. An agency's interpretation is entitled to no deference if it conflicts with the clear intent of Congress. Here, Congress has clearly identified the registration requirements of Section 409, and thus the individual office's decision to develop procedures in conflict with those requirements is entitled to no deference. (Transcript at page 8 line 19).

22. The inclusion of any uncontroverted fact as a conclusion of law, and/or the inclusion of any conclusion of law as an uncontroverted fact shall not affect the validity of any such uncontroverted fact or conclusion of law.

23. Defendants motion for summary judgment is granted and Defendants are therefore entitled to a judgment in their favor as Plaintiff had failed to comply with the registration requirements of the Copyright Act as enumerated in sections 409 and 411 and for the other reasons set forth above.

IT IS SO ORDERED.

DATED: _____, 2012  By: _____
                                                                  Hon. Manuel L. Real
                                                                  **United States District Judge**

Respectfully Submitted,

CUOMO LLC

By: /s/ Oscar Michelen_____
     Oscar Michelen
     Attorneys for Defendants
     CHAGA INTERNATIONAL
     STEVE GOULD and MICHAEL TIDD